LUMBARD, Circuit Judge,
dissenting:
I respectfully dissent.
The majority carefully holds only that the Maiorinos may not agree with Branford Savings Bank to appeal directly to this court from the bankruptcy judge’s rejection of their Chapter 13 plan. The majority holds that denial of confirmation of a Chapter 13 plan is not a “final order” appealable by agreement to this court under 28 U.S.C. § 1293(b). But the statute providing for appeal to the district court, 28 U.S.C. § 1334(a), requires the same final order.[1] By holding that denial of confirmation is not a final order, the majority effectively precludes appellate review except by leave of the district court.[2] If experience with similar statutes is any guide, leave will be granted only in unusual cases. C. Wright, A. Miller, E. Cooper, E. Gressman, 16 Federal Practice & Procedure § 3929 (1977). By focusing only on § 1293(b), the majority ignores the effect its opinion will have on all bankruptcy appeals.
Unlike an ordinary suit, which terminates in a final judgment, a bankruptcy case usually involves many decisions by the bankruptcy judge which are undeniably final and appealable. See 1 Collier on Bankruptcy ¶ 3.03[7](d)(iii) (L. King 15th ed. 1981). Both houses of Congress recognized that a single bankruptcy “case” involves many “proceedings,” each of which terminates in a “final decision.” See H.R.Rep. 595, 95th Cong., 1st Sess. 444 (1977); H.R. 8200 95th Cong. 1st Sess. § 238 (1978); S.Rep. 989, 95th Cong. 2d Sess. 153-55 (1978); S. 2266, 95th Cong., 2d Sess. § 216 (1978). Given this legislative history, the familiar words which limit our jurisdiction to “final judgments, orders and decisions” should not be read to allow only appeals from the termination of a “case” by either confirmation or dismissal.
So many less important decisions by a bankruptcy judge are “final” and appeala-ble. These include orders granting or denying
—recovery of property from a creditor under the preference, fraudulent conveyance or turnover statutes, 11 U.S.C. §§ 542, 544(b), 547, 548;[3]
—rejection or assumption of an unexpired lease or executory contract, 11 U.S.C. § 365;[4]
—relief from the automatic stay under 11 U.S.C. § 362(e). In re Taddeo, 685 F.2d 24, 26 n. 4 (2d Cir. 1982).
There is even an indication in the Code’s legislative history that Congress thought appointment of a trustee was a “final” order. H.R.Rep. 595, 95th Cong., 1st Sess. 444 (1977). All of these orders would be appeal-able as of right. Yet each is merely a preliminary step in the process of formulating and confirming a plan in Chapter 11 or Chapter 13. Though these intermediate decisions would be appealable, the majority today rules that a final rejection of a plan is not appealable.
The majority supplies no analysis sufficient to support its ruling. It relies solely on In re Kutner, 656 F.2d 1107 (5th Cir. 1981). But Kutner held only that a decision *95 denying a trustee standing to intervene was not a final order. Kutner said nothing about whether denial of confirmation was a final order. Indeed, six months after the Fifth Circuit filed its decision in Kutner, it took jurisdiction over a case exactly like this one — a direct appeal from an order of the bankruptcy court denying confirmation of a Chapter 13 plan. In re Foster, 670 F.2d 478 (5th Cir. 1982).
The procedural holding adopted by the majority may have serious substantive consequences. Only the debtor may propose a Chapter 13 plan. 11 U.S.C. § 1321; H.R. Rep. 595, 95th Cong., 1st Sess. 428 (1977); S.Rep. 989, 95th Cong., 2d Sess. 141 (1978). Therefore the debtor is always the party who seeks to confirm a plan; the creditor is always the party who seeks to deny confirmation. The effect of today’s holding is that when creditors lose and a plan is confirmed, creditors may appeal immediately as of right; when debtors lose and a plan is rejected, they may appeal only by leave of the district court. Their only alternative is to wait until a less favorable plan is confirmed, which may be months away, or until the bankruptcy court dismisses the case or dissolves the automatic stay, which the debtors will try to postpone for as long as possible. In either event, a bankruptcy court ruling which is final as to a plan of arrangement will be reviewable long after it is made, perhaps long after the plan can be revived. Congress enacted Chapter 13 to aid consumer debtors; we should not delay their access to relief on appeal.
I would take jurisdiction of this appeal.

. The alternative route of appeal, to a panel of bankruptcy judges, 28 U.S.C. §§ 160, 1482, is not available in this circuit because no such panel has been established.

. Leave to appeal could also be granted by an appellate panel of bankruptcy judges in circuits where such panels have been established.

. See Sproul v. Levin, 88 F.2d 866 (8th Cir. 1937).

. To do otherwise would leave parties to these contracts uncertain as to their status until the end of the bankruptcy case, a result clearly rejected by Congress. See H.R.Rep. 595, 95th Cong. 1st Sess. 348 (1977); S.Rep. 989, 95th Cong. 2d Sess. 59 (1978).