ARNOLD, Circuit Judge.
 

 Aetna Life Insurance Company appeals from the District Court’s order dismissing its appeal from a March 30, 1983, order of the Bankruptcy Court. The question presented is whether the District Court erred in treating Aetna’s notice of appeal as an application for leave to take an interlocutory appeal, and denying it as such. We must also determine whether this Court has jurisdiction to hear Aetna’s appeal.
 

 On February 2, 1983, Aetna began an adversary proceeding in the Bankruptcy Court for the District of Nebraska against Reuben F. Leimer, as debtor, to release certain land from an automatic bankruptcy stay. This land was covered by the bankruptcy stay because Leimer claimed an interest in the land by virtue of its being an asset of a trust of which he is a beneficiary. In the Bankruptcy Court Aetna argued that it is sole owner of this land, relying on a deed of trust that it obtained as security for a loan it made to the Leimer trust. The Bankruptcy Court rejected this argument and refused to release the land from the stay, thus preventing Aetna from selling the land through a proceeding it had initiated in a Nebraska state court.
 

 Aetna then sought leave to appeal the Bankruptcy Court’s order in the District Court. The District Court denied leave to appeal on the ground that the unpublished opinion of this Court in
 
 Ewald v. The Cornelius Co.,
 
 696 F.2d 1000 (8th Cir.1982) decided that an appeal from a bankruptcy decision with respect to the automatic-stay provision of 11 U.S.C. § 362 (1982) is interlocutory. The District Court further stated that an interlocutory appeal would be granted only if it presented important questions of law or extraordinary circumstances, and that since the instant case did not do so, no appeal would lie.
 

 
 *745
 
 I.
 

 In determining whether we have jurisdiction to hear this appeal we are guided by our recent decision in
 
 In re Bestmann,
 
 720 F.2d 484 (8th Cir.1983). In
 
 Bestmann
 
 we held that this Court has jurisdiction under 28 U.S.C. § 1293(b) (Supp. V 1981) to review an order of a district court which refuses to entertain an appeal from a final order of a bankruptcy court. 720 F.2d at 486. The question presented here comes down to whether the Bankrúptcy Court’s order denying relief from the stay is a final order. We hold that it is final.
 
 [1]
 
 Again, our opinion in
 
 Bestmann
 
 is on point. There we held that the Bankruptcy Court’s order dismissing the appellant’s suit to reclaim property was final because nothing was left to do with regard to that suit.
 
 Ibid.
 
 Here the same holds true. The Bankruptcy Court conclusively determined that Aetna is not the exclusive owner of the land. As far as Aetna is concerned, nothing remains for the Bankruptcy Court to do. The order terminates Aetna’s adversary proceeding. If the order were not viewed as final, and no appeal allowed until the main bankruptcy proceeding terminated, the entire bankruptcy proceeding would have to be recommenced if this Court ultimately found that the estate had no interest in the property. Further, if the order is not treated as final, what may be Aetna’s property will be tied up in lengthy bankruptcy proceedings, even though this Court may ultimately find that the property is not part of the debtor’s estate.
 

 Arguably, this test for appealability departs from the general test that an order is appealable only if it “ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.”
 
 Coopers & Lybrand v. Livesay,
 
 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (quoting
 
 Catlin v. United States,
 
 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). It can be argued that the refusal to lift the stay does not end the litigation on its merits and leave nothing for the Court to do but execute the judgment. This would be true if the litigation in question were viewed as the entire bankruptcy proceeding, but if the litigation is just the adversary proceeding brought by Aetna, then it would indeed be true that the Court has ruled on the merits and that only the judgment remains to be executed. Generally, in non-bankruptcy proceedings courts are apt to view orders that do not end all proceedings as part of a “single judicial unit.” See 6 Moore, Taggart & Wicker,
 
 Moore’s Federal Practice
 
 ¶ 54.19 (2d ed.1983);
 
 Sears, Roebuck & Co. v. Mackey,
 
 351 U.S. 427, 431-32 & n. 3, 76 S.Ct. 895, 897-98 & n. 3, 100 L.Ed. 1297 (1956). However, as several circuits have pointed out, in bankruptcy proceedings the courts take a more liberal view of what constitutes a separate dispute for purposes of appeal. See especially Judge Breyer’s cogent analysis in
 
 In re Saco Local Development Corp.,
 
 711 F.2d 441, 443-446 (1983); see also
 
 In re Yermakov,
 
 718 F.2d 1465, 1468-69 (9th Cir.1983). In view of this liberal policy, we have no difficulty concluding that Aetna’s adversary hearing is a separate dispute and that an order ending that dispute is appealable as a final order.
 
 [2]
 

 Our holding here is inconsistent with our prior unpublished decision in
 
 Ewald v. The Cornelius Co.,
 
 696 F.2d 1000 (8th Cir.1982). In
 
 Ewald
 
 we held that the grant of relief in an adversary proceeding to lift a stay was an interlocutory order. We decline to follow this rule for several reasons. First, unpublished opinions of this Court are not intended to create binding precedent. The decision of a panel not to publish an
 
 *746
 
 opinion usually represents the judges’ view that the case is without substantial value as a precedent. Our Plan for Publication of Opinions, § 1, 28 U.S.C.A.App. p. 833, provides that “an [unpublished] opinion .. . will not have value as precedent.”
 
 [3]
 

 Second, in support of our holding in
 
 Ewald
 
 we cited 1
 
 Collier on Bankruptcy
 
 ¶ 3.03. In ¶ 3.03[7][e], at 3-311 to -313 (15th ed.1983), the authors advance the argument that all orders concerning stays are interlocutory because a stay is a type of injunction and under 28 U.S.C. § 1292(a)(1) appeals of injunctions are by definition interlocutory. This argument is vulnerable, for it is not true that all orders concerning stays are interlocutory. We have already indicated how the order denying relief from the stay here is final in effect. Further, as the Second Circuit points out in
 
 In re Tad-deo, supra,
 
 685 F.2d at 26 n. 4, orders concerning stays are similar to permanent injunctions, which are appealable as final orders. See
 
 Mayor & Aldermen of Vicksburg v. Henson,
 
 231 U.S. 259, 266-67, 34 S.Ct. 95, 97-98, 58 L.Ed. 209 (1913). H.R.Rep. No. 595, 95th Cong., 2d Sess. 344,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6300, states:
 

 Because the stay is essentially an injunction, the three stages of the stay may be analogized to the three stages of an injunction. The filing of the petition which gives rise to the automatic stay is similar to a temporary restraining order. The preliminary hearing is similar to the hearing on a preliminary injunction, and the final hearing and order is similar to a permanent injunction.
 

 Since the final order denying relief from a stay functions as a permanent injunction, it is a final order for purposes of appeal.
 
 [4]
 
 See
 
 In re Taddeo, supra,
 
 685 F.2d at 26 n. 4;
 
 Borg-Warner Acceptance Corp. v. Hall, supra,
 
 685 F.2d at 1309.
 

 II.
 

 Having determined that this Court has jurisdiction to hear this appeal, we turn now to review the District Court’s decision denying Aetna leave to appeal. This obviously requires no extended discussion, in light of our holding that the Bankruptcy Court’s order was final. Under 28 U.S.C. § 1334(a) (Supp. V 1981) the district courts have jurisdiction over appeals from all final judgments, orders, and decrees of bankruptcy courts. We reverse and remand to the District Court for a decision on the merits of the appeal from the Bankruptcy Court.
 

 It is so ordered.
 

 [1]
 

 . Two other circuits have also held that denial of relief from a bankruptcy stay is a final order.
 
 Borg-Warner Acceptance Corp. v. Hall,
 
 685 F.2d 1306, 1309 (11th Cir.1982);
 
 In re Taddeo,
 
 685 F.2d 24, 26 n. 4 (2d Cir.1982).
 

 [2]
 

 . Aetna also argues that the order refusing to lift the stay is appealable as a collateral order under the doctrine of
 
 Cohen v. Beneficial Indus. Loan Corp.,
 
 337 U.S. 541, 545-47, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949). Since we hold that this bankruptcy order is final, it is not necessary for us to address this argument.
 

 [3]
 

 . See also Local Rule 8(i) of this Court:
 

 CITATION OF UNPUBLISHED OPINION. No party may cite an opinion that was not intended for publication by this or any other federal or state court, except when the cases are related by virtue of an identity between the parties or the causes of action.
 

 For an instance in which we relied on an unpublished opinion involving the same cause of action as the case
 
 sub judice,
 
 see
 
 Jones v. Mabry,
 
 723 F.2d 590 (8th Cir.1983).
 

 [4]
 

 . We also note that even if the refusal to lift a stay were characterized as interlocutory, it is open to argue that such orders are appealable under 28 U.S.C. § 1292(a) and that 28 U.S.C. § 1293 is not the exclusive source of jurisdiction for bankruptcy appeals. The Third Circuit has recently held that § 1293 is not the exclusive jurisdictional source for appeals from bankruptcy proceedings that are “ ‘related to cases under Title 11’.”
 
 Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.,
 
 709 F.2d 190, 199-200 (3d Cir.),
 
 cert.
 
 denied,-U.S.-, 104 S.Ct. 349, 77 L.Ed.2d-(1983) (quoting 28 U.S.C. § 1471(b) (Supp. V 1981)). We do not And it necessary here to evaluate the merits of the
 
 Coastal Steel
 
 holding, but note that if valid it would supply an additional ground for rejecting the position taken in
 
 Ewald.