ARNOLD, Circuit Judge.
 

 O’Neill Production Credit Association (PCA) appeals from the District Court’s order denying it leave to appeal the order of the Bankruptcy Court. The bankruptcy order directed the trustee in bankruptcy to pay claims made by Ted Olson Enterprises, Inc. (TOE), totaling $271,299.08 from an escrow account. In the Bankruptcy Court, PCA as a creditor objected to the bankruptcy order on several grounds, including the claim that TOE was an alter ego corporation of the debtor used to siphon significant assets from the bankruptcy estate. On appeal to the District Court, PCA renewed these objections, but the District Court dismissed the appeal as interlocutory. We are now faced with deciding whether we have jurisdiction to hear this appeal from the District Court, and, if so, whether the District Court erred in holding that it did not have jurisdiction to hear the appeal from the Bankruptcy Court.
 

 In our recent decisions of
 
 In re Alan H. Bestmann,
 
 720 F.2d 484 (8th Cir.1983), and
 
 In re Reuben F. Leimer,
 
 724 F.2d 744 No. 83-2208 (8th Cir. Jan. 12, 1984), we held that this Court has jurisdiction to hear appeals from a district court’s order holding that it has no jurisdiction to hear an appeal from a bankruptcy order if the underlying bankruptcy order is a final order. Thus, we must determine whether the Bankruptcy Court’s order is final.
 

 In
 
 Bestmann
 
 and
 
 Leimer
 
 we considered three factors in determining whether a bankruptcy order is final: (1) the extent to which the order leaves the Bankruptcy Court nothing to do but to execute the order,
 
 Bestmann, . supra,
 
 at 485-486;
 
 Leimer, supra,
 
 at 745; (2) the extent to which delay in obtaining review would prevent the aggrieved party from obtaining effective relief,
 
 Leimer, supra,
 
 at 745; and (3) the extent to which a later reversal on that issue would require recommencement of the entire proceeding,
 
 ibid.
 
 We are aware that this standard is more liberal than that generally applied in determining the finality of orders in non-bankruptcy proceedings, but we believe, as Judge Breyer pointed out in
 
 In re Saco Local Development Corp.,
 
 711 F.2d 441, 444-46 (1st Cir.1983), that a more liberal standard is to be
 
 *1110
 
 applied in reviewing bankruptcy orders under 28 U.S.C. § 1293(b) (Supp. V 1981).
 
 [1]
 

 Applying this standard to the bankruptcy order, we conclude that the order is final for purposes of appeal. First, it is clear that the order finally resolves the issue of PCA’s claim to priority over TOE, for it directs the payment of TOE’s claims. Nothing remains except for the trustee to execute this order. In fact, the order here is even more suited to be considered final than the order in
 
 Saco,
 
 because the order here states the amount of the claims to be paid, whereas the
 
 Saco
 
 order did not. Second, if this Court has no jurisdiction to hear the present appeal, PCA will not be able to seek review of the order until the conclusion of the entire proceeding. Yet by that time TOE may have spent the funds in question, and PCA may be unable to obtain effective relief. Finally, if this Court later determines that the Bankruptcy Court erred in giving priority to TOE’s claims and remands to the Bankruptcy Court, the distribution of assets might have to be substantially redone to allow for the redistribution of the funds wrongly paid to TOE.
 

 In view of our finding that the bankruptcy order is final, we conclude that this Court has jurisdiction to hear PCA’s appeal under 28 U.S.C. § 1293 and that the District Court erred in finding that it had no jurisdiction to hear the appeal under 28 U.S.C. § 1334(a) (Supp. V 1981).
 

 Reversed and remanded to the District Court for a ruling on the merits.
 

 It is so ordered.
 

 [1]
 

 .
 
 Saco
 
 involved a trustee’s appeal from a bankruptcy order giving priority to a creditor’s claims against the estate. The Court of Appeals ruled that the bankruptcy order was final even though the Bankruptcy Court did not determine how much of the creditor’s claim would actually receive a priority under 11 U.S.C. § 507(a)(4) (1982). 711 F.2d at 446-48. We need not go so far to decide the present case.