**In the Matter of NORWOOD AVIATION, INC. Debtor.**

**No. 84–00088–JG.**

United States Bankruptcy Court, D. Massachusetts.

Feb. 27, 1985.

---

Michael Hudson, Boston, Mass., for landlord.

David Nickless, Boston, Mass., for debtor.

## MEMORANDUM

JAMES N. GABRIEL, Bankruptcy Judge.

This contested matter comes before the Court on the Motion for Relief from Stay of Boston Metropolitan Airport, Inc. ("BMA" or "the landlord") to enforce its execution for possession obtained in state court and to evict the debtor, Norwood Aviation, Inc. ("the debtor" or "Norwood Aviation") from the premises at Norwood Airport. The debtor filed an opposition to the Motion. The parties submitted an Agreed Statement of Facts with documents attached as exhibits and a Supplementary Agreement of Facts. At a final hearing on relief from stay held on August 1, 1984 testimony was adduced and documentary evidence introduced. The parties later filed Memoranda of Law. Based upon the agreed facts, testimony, and documentary evidence, I find and rule as follows.[1]

## FACTS

On January 6, 1969 the debtor, BMA, and the Town of Norwood executed a twenty-five year lease for certain parcels of land at Norwood Airport. The debtor fell into arrears on the rent and on March 9, 1983, BMA served the debtor with a fourteen day notice to quit pursuant to Massachusetts General Laws chapter 186 § 11. On June 27, 1983 BMA filed a summary process action in the District Court Department, Dedham Division. The debtor was served with the summons on July 1, 1983, and it filed an Answer in the summary process action on July 18, 1983. The debtor did not pay the arrearage to the landlord prior to the Answer date. The case was originally assigned for hearing on July 21, 1983. The debtor and landlord agreed on a number of continuances of the hearing. On November 29, 1983, the debtor's former counsel wrote a letter to debtor's attorney, which was subsequently executed by BMA's attorney and became an agreement of the parties. This agreement provided in pertinent part: that the trial in the summary process action would be continued until January 5, 1984; that the debtor and landlord would execute an Agreement for Judg-

---

1. This Memorandum constitutes findings of facts and rulings of law in accordance with Bankruptcy Rule 7052 (1983).

ment for the landlord for possession and damages which agreement would be held in escrow until the hearing date; that in the interim the landlord agreed to meet with debtor and prospective acquirers of debtor's business and to negotiate a settlement and long-term lease, subject to town approval; that if a settlement and agreement were not reached by the parties prior to the hearing date, the landlord would file the judgment with the court and debtor would vacate the premises. Former counsel to the debtor, Michael Miller, testified that he understood this letter to mean that Norwood Aviation had "until the time of the hearing" 9:30 A.M. on January 5, 1984 to reach a settlement and negotiate a new lease with BMA, or the landlord would have the right to file the Agreement for Judgment. In Dedham District Court, summary process actions always are called for 9:30 A.M. Counsel for BMA filed the Agreement for Judgment in Dedham District Court sometime between 9:30 A.M. and 12:00 Noon on January 5, 1984. No settlement had been reached as of January 5, 1984, although the parties had met once during the interim.

A shareholder of the corporation, Mr. Bevilaqua, who was attempting to gain control of Norwood Aviation by buying current management's stock, contacted counsel to the landlord about paying the judgment amount in exchange for reinstatement of the lease. The landlord did not agree to reinstate the lease in response to the offered payment and instructed his counsel that any agreement to reinstate the tenancy would have to correspond to the lease's escalation clause and that the lease could no longer include that parcel known as "the fuel farm". Mr. Bevilaqua considered this parcel essential to debtor's operation and the parties did not come to a settlement or agreement to reinstate the lease as of January 5, 1984. On the morning of January 5, 1984 at 9:05 A.M. Mr. Bevilaqua contacted the landlord's counsel in an attempt to make the payment on the rent arrearages. He was unable to reach landlord's counsel, and did nothing further to tender any funds to the landlord. In fact, Mr. Bevilaqua did not even have funds in his possession on January 5, 1984 to make a tender of funds to the landlord or his counsel. He had only discussed obtaining a loan from a friend. At approximately 5:00 P.M. on January 5, 1984, counsel to Mr. Bevilaqua hand delivered a letter to counsel for the landlord which stated that Bevilaqua was prepared to tender the full amount of the judgment by the close of business on January 5, 1984 and that it was their understanding that this should cure the lease. No tender of funds was made on January 5, 1984. No agreement to extend the January 5, 1984 deadline was reached. The Agreement for Judgment was filed in court on the morning of January 5, 1984. An execution was issued by Dedham District Court on January 9, 1984. The debtor filed its bankruptcy petition on January 20, 1984.

## DISCUSSION

Determination of whether BMA should be granted relief from stay to regain possession of the premises depends on whether the debtor, on the date of the filing of the bankruptcy, had any interest in the leased premises or had any right to cure its defaults and thereby revive its interest under the lease. The landlord, BMA, asserts that it is entitled to relief from stay to evict the debtor from the premises because the debtor had no interest in the leasehold as of the commencement of the chapter 11 case since BMA had properly terminated the lease, obtained judgment in the summary process action on January 5, 1984, and execution thereon—all before the bankruptcy petition was filed on January 20, 1984. The debtor contends that the landlord prematurely filed the consent judgment with the state court on the morning of January 5, 1984 thereby depriving the debtor of the right to cure and revive the lease.

 The Court is required to look to state law to determine a debtor's interest in a lease. *Johnson v. First National Bank*, 719 F.2d 270 (8th Cir.1983). Where a landlord has properly terminated a debtor's

lease prior to bankruptcy the landlord is entitled to relief from stay as the debtor has no property interest in the leasehold. *In Re Bricker,* 43 B.R. 344 (Bankr.D.Ariz. 1984); *In Re Foxfire Inn,* 30 B.R. 30 (Bankr.S.D.Fla.1983). *See* 11 U.S.C. § 541(b)(2) (1984). Under Massachusetts law a lease may be terminated for non-payment of rent by following the summary process procedures set forth in M.G.L. c. 186 § 11. A written fourteen day notice to quit terminates a lease unless the debtor tenders rent then due before the answer date in the summary process action. M.G.L. c. 186 § 11. The lessee cannot revive a tenancy after the expiration of the deadline unless the parties extend the time period by agreement. *See Margosian v. Markarian,* 288 Mass. 197, 192 N.E. 612 (1934). If a debtor files his bankruptcy petition prior to expiration of the statutory cure period, 11 U.S.C. § 108(b) gives the debtor an additional 60 days to cure existing defaults and avoid termination of the lease. *See In Re Player's Pub, Inc.,* 45 B.R. 387 (Bankr.D.Mass.1984).

In the present case, although Norwood Aviation did not tender back rent due by the time the summary process answer was due, it appears that the parties, by agreement, extended the statutory cure deadline and stipulated that the debtor would vacate the premises if a settlement and agreement were not reached "by the hearing date" in the summary process action.

The debtor contends that it had until the close of business on the hearing date to reach an agreement with the landlord, that the Agreement for Judgment was prematurely filed, and that the execution is invalid. The landlord contends that it properly filed the Agreement for Judgment at about noon on the hearing date and that its execution is valid. Thus, the Court must determine if the landlord's judgment was improperly obtained, and thus can be attacked in this Court. *See Margolis v. Nazareth Fair Grounds & Farmers Market,* 249 F.2d 221, 223–24 (2d Cir.1957).

In legal terms, the preposition "by" means "before or not later than" a certain time. *Black's Law Dictionary* (5th ed. 1979). In determining the time by which a party is to perform a certain act, the intent of the parties, as reflected in the agreement, controls. *London Clothes Ltd. v. Maryland Casualty,* 318 Mass. 692, 63 N.E.2d 577 (1945). In the present case, a review of the agreement and the course of dealings between the parties leads me to believe that the intent of the parties was to extend the time for reaching a settlement of amounts owed the landlord and for negotiating a long-term lease until the time of the hearing on January 5, 1984. This is the only interpretation that makes sense in light of the parties' past agreements to continue the summary process hearings pending negotiations. One of the central purposes of the agreement of November 29 was continuation of the summary process hearing to January 5, 1984. Both parties knew the case would be called for 9:30 A.M. in accordance with district court rules and practice. Because of the scheduled hearing time it is logical that the parties intended that in the absence of a settlement, the Agreement for Judgment would be brought to the attention of the Court at the time the case was called for hearing.

This interpretation is bolstered by the language in the letter which states: "In the event that a settlement. . . . is not reached by the hearing date, you may file the Agreement for Judgment in Court. . . ." As the agreement refers to filing the Judgment with "the Court" rather than the clerk's office, it appears that the debtor intended to give the landlord the right to file the Agreement for Judgment at the hearing.

Even if the debtor had until the close of business on January 5, 1984 to cure the default by settlement with the landlord, it did not even settle the dispute by this deadline and did not attempt to do so thereafter. It became clear at the trial, upon questioning by the Court, that the principal did not have the funds to tender to the landlord at any time on that day. The parties did not negotiate the terms of any long-term lease during the time period between hearings,

which also was a condition of settlement. No settlement was reached by the time of the hearing or by the close of business on the hearing date. Therefore, the landlord properly filed the Agreement for Judgment and obtained a valid execution. The lease was properly terminated before the debtor filed its bankruptcy petition. The landlord's Motion for Relief from Stay is granted.