**In re DEAK & CO., INC., et al., Debtors.**

**Walter L. ROTH, Joseph Edelsburg and Deak Perera (Israel) Ltd., Appellants,**

v.

**DEAK & CO., INC., et al., Appellees.**

**No. 85 Civ. 9815 (KTD).**

United States District Court,
S.D. New York.

July 25, 1986.

See also 63 B.R. 422.

Finley, Kumble, Wagner, Heine, Underberg, Manley & Casey, New York City, for Walter L. Roth, Joseph Edelsburg and Deak Perera (Israel) Ltd.; Gary L. Blum, Larry D. Henin and Timothy T. Brock, of counsel.

Levin & Weintraub & Crames, New York City, for appellees Deak & Co., Inc., et al.; Herbert Stephen Edelman and Cindy E. Tzerman, of counsel.

KEVIN THOMAS DUFFY, District Judge:

This case comes on appeal from the United States Bankruptcy Court for the Southern District of New York ("USBC"), Burton R. Lifland, Chief Judge. Appellants argue that the USBC lacked both subject matter and personal jurisdiction in the case and that it abused its discretion in refusing to fully lift an automatic stay placed on appellees' property in Israel. Appellees oppose these contentions and argue that the decision of the USBC was not a "final order" and, therefore, appellants' appeal is improper. For the reasons set forth below I dismiss the appeal on the ground that the order being appealed from is not a final one.

Briefly, the relevant facts are as follows. Appellants, Walter L. Roth and Joseph Edelsburg, entered into an agreement with appellees, Deak & Co., Inc. ("Deak") and Perera Co., Inc. ("Perera"), to form a bank in Israel, Deak Perera (Israel) Ltd. ("DPI"), a named appellant in this action. Deak is a holding corporation with worldwide assets. Perera is a wholly-owned subsidiary of Deak.

An Israeli banking permit was issued to DPI in August, 1979. On May 4, 1980, Deak and Perera sued appellants in Israel ("the Israeli action") in an attempt to wrest control of DPI from Roth and Edelsburg. Pursuant to Israeli law, Deak and Perera posted a $75,000 bond with the Israeli court in order to pursue the action. Appellants brought a compulsory counterclaim for $2 million.

On December 6, 1984, while the Israeli action was still pending, Deak and Perera each filed for bankruptcy in the Southern District of New York under 11 U.S.C. § 301 of the United States Bankruptcy

Code. Pursuant to section 362 of that code, an "automatic stay" was instituted on the bankrupts' property. A stay essentially acts to stop commencement or continuation of any action against the bankrupt.

Because of the stay, the Israeli court refused to permit appellants to proceed with their counterclaim. It instructed them to apply to the USBC for a vacatur to allow the counterclaim to proceed. Thus, appellants filed a complaint, pursuant to 11 U.S.C. § 362(d)(1), with the USBC to get the stay lifted for this purpose.

Judge Lifland of the USBC granted appellants' motion to the extent that he allowed appellants to prosecute their counterclaim and authorized special counsel for appellees to defend against the counterclaim in Israel. Judge Lifland, however, denied for the present that part of appellants' motion which sought the right to enforce any judgment appellants might be awarded in the Israeli Action on their counterclaim. Judge Lifland made it quite clear, however, and appellants do not dispute, that this denial was without prejudice to appellants having the right to seek further modification of the Automatic Stay at a later time in order to enforce a favorable Israeli judgment if such a judgment is obtained.

Bankruptcy Rule 8001(a) allows appeals to district courts from final orders of a USBC. If an order is interlocutory, leave to appeal must be given. Bankruptcy Rule 8001(b). Appellants contend that Judge Lifland's partial denial of their motion is a final order from which they may appeal as of right, thus they did not attempt to obtain leave to appeal. In support of their position that the order being appealed from is a final order, appellants cite a number of circuit court decisions which set forth the general rule that denial of relief from an automatic stay is a final order. *See In re Taddeo,* 685 F.2d 24, 26 n. 4 (2d Cir.1982); *Grundy National Bank v. Tandem Mining Corp.,* 754 F.2d 1436, 1439 (4th Cir. 1985); *In re American Mariner Industries, Inc.,* 734 F.2d 426, 429 (9th Cir.1984); *In re Leimer,* 724 F.2d 744, 745 (8th Cir.

1984); *In re Comer,* 716 F.2d 168, 171–74 (3rd Cir.1983); *Borg-Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1309 (11th Cir.1982). These cases, however, are inapposite to the instant situation.

For example, in *Taddeo* the Second Circuit was reviewing a bankruptcy judge's denial of a mortgagee's petition for relief from an automatic stay. The bankruptcy judge had held that the debtors would be allowed to cure their default and reinstate their mortgage. On the issue of the finality of the bankruptcy judge's order, Judge Lumbard, writing for the Second Circuit, held:

> [The] denial of relief from the automatic stay was the equivalent of a permanent injunction.... It was a final order disposing of [the mortgagee's] petition for relief from the automatic stay.... An order granting a *permanent* injunction is a final order.... Congress manifestly intended to treat final denial of relief from the automatic stay as a final order.

685 F.2d at 26 n. 4 (emphasis in original). Unlike in *Taddeo,* the order challenged herein cannot be considered in any way to be a "final denial" or a "permanent injunction." To the contrary, Judge Lifland expressly qualified his ruling by stating "I maintain the stay *subject to a further application.*" Transcript from October 23, 1985 Hearing, 23 (emphasis supplied). Thus, Judge Lifland's denial of appellants' request for the right to enforce a judgment they might receive from the Israeli court without prejudice to a later application for that same relief if such a judgment is ever awarded did not determine any rights or settle any issues. Rather, as in the case of a bankruptcy court issuing an order disapproving a compromise, "It merely leaves the question open for future adjudication." *Tonkoff v. Synoground (In re Merle's Inc.),* 481 F.2d 1016, 1018 (9th Cir.1973); *see also In re Tidewater Group, Inc.,* 734 F.2d 794, 796 (11th Cir.1984).

Accordingly, because this is not an appeal from a final order and leave to appeal

has not been granted, appellees' motion to dismiss the appeal is granted.

SO ORDERED.