RUBIN, Circuit Judge:
Following the lead of every circuit court that has considered the question directly or indirectly, we hold that a bankruptcy court’s turnover order, in a separate adversary proceeding, compelling a defendant to turn over property in his possession to the trustee in bankruptcy, is a final order and hence appealable as of right.
The bankruptcy trustee for Shearn Moody, Jr. filed an adversary complaint against Norman D. Revie for the purpose of compelling Revie to turn over a valuable antique coin, described as an 1879 “Coiled Hair 10 Struck,” alleged to be property of the bankruptcy estate. After a trial on the merits, the bankruptcy judge signed a document entitled “Decision and Order on Complaint to Compel Turnover of Property,” directing Revie to turn over the coin to the trustee within three days.
On the fourth day after its order, the bankruptcy court held a hearing to determine whether Revie had complied. The trustee reported that he had not done so. The bankruptcy court then directed the trustee to “file papers to proceed accordingly for non-compliance with the Court’s order.” Without requesting leave from the district court, Revie filed with it an appeal of the turnover order. The district court dismissed the appeal, concluding that the bankruptcy order was not appealable for the following reasons: (1) It was interlocutory; (2) Revie had not requested the leave required by 28 U.S.C. § 158(a) for appealing interlocutory bankruptcy court orders; and (3) Revie had demonstrated, in the words of the district court, “no exception to the prohibition [in § 158(a) ] against appeal of interlocutory orders.”
Finality is a prerequisite to appeala-bility of district court judgments.[1] Although 28 U.S.C. § 1291, which requires finality for appeals from district courts, is not applicable to appeals in bankruptcy cases unless the district court has sat as a trial court,[2] a similar provision in 28 U.S.C. § 158(d) requires finality for the appeal of all other district court decisions in bankruptcy cases. As a court of appeals, therefore, we do not have jurisdiction unless the decision of the district court meets the finality requirements of § 158(d).
28 U.S.C. § 158(a), moreover, requires finality for appeals from bankruptcy court decisions to the district court unless the district court grants leave to pursue an interlocutory appeal.[3] The district court in our case did not grant such leave to appeal. We need not review the district court’s failure to grant leave, however, for if the bankruptcy court order was indeed interlocutory, the district court’s denial of leave to appeal would also be interlocutory and hence unappealable as well.[4]
The issues before us, therefore, are solely whether the order of the bankruptcy court, which Revie has sought to appeal, was a final order appealable as of right, and whether the district court erred in deciding that it was not. In non-bankruptcy matters, a final order is one that “ends the litigation on the merits and leaves nothing for the court to do but execute the judg *366 ment.”[5] Litigation in bankruptcy proceedings is, however, different from litigation in ordinary civil suits. As pointed out in Collier on Bankruptcy, “[i]n considering the finality of orders entered by bankruptcy judges, some courts begin their analysis by stating what they obviously think is the absurd position that, under one view of the matter, only the order closing the bankruptcy case could be considered to be ‘final,’ as that term is used in ordinary civil litigation.”[6] Bankruptcy matters, however, may extend over a long period of time and involve a number of separate proceedings — some adversary in nature — which present issues distinct from the other issues in the bankruptcy matter. One of the drafters of the Bankruptcy Code therefore stated:
The unit of litigation by which finality will be measured is a “proceeding arising under title 11 of the United States Code or arising in or related to a case under title 11.” A “case under title 11” is the umbrella under which all other matters take place. It is initiated by the filing of a petition under title 11 in the bankruptcy court, and terminated by an order dismissing or closing the case. Everything that occurs in the bankruptcy court between these two events is treated as “a proceeding arising in or related to” the bankruptcy case. This broad phrase encompasses everything that was formerly known as an adversary proceeding, contested matter, administrative matter, proceeding in bankruptcy or controversy arising in a proceeding in bankruptcy.[7]
The First Circuit, in In re Saco Local Development Corp.,[8] concluded that a “proceeding” within a bankruptcy case is the relevant “judicial unit” for purposes of finality.[9] The court reviewed a bankruptcy court order granting priority to an unsecured claim for contributions to an employee benefit plan, and held that the order was final. The opinion contrasted what is meant by finality in ordinary civil proceedings with Congress’ intent in using that term for bankruptcy cases:
Were this not a bankruptcy case, we doubt that the kind of order before us would be considered “final.” Traditionally, every civil action in a federal court has been viewed as a “single judicial unit,” from which only one appeal would lie.... [Ordinarily,] an action remains a “single judicial unit” even when it contains multiple claims and multiple parties _ As a result, an order that effectively disposes of a claim by one plaintiff against one defendant normally, although not invariably, is regarded as interlocutory as long as the other claims remain unsettled.
s(c jfc jf: s¡t * >jc
Although Congress has defined appellate bankruptcy jurisdiction in terms ... similar to those appearing in other jurisdictional statutes, see, e.g., 28 U.S.C. §§ 1257, 1291, the history of prior federal bankruptcy law and the 1978 Act convinces us that Congress did not intend the word “final” here to have the same meaning — at least not with respect to the application of the traditional “single judicial unit” rule.[10]
Noting that Congress had previously provided that “orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case,” [11] the court concluded that a bankruptcy court order ending a separate adversary proceeding is appealable as a final order even though that order does not con- *367 elude the entire bankruptcy case.[12] For the purpose of Yogi Berra’s celebrated maxim, “The game isn’t over till it’s over,” a bankruptcy proceeding is over when an order has been entered that ends a discrete judicial unit in the larger case.
By this standard, the turnover order was final. Revie’s compliance with it would have completely disposed of the matter before the court. That further proceedings were necessary to enforce the judgment, or to cite the putative possessor of the coin for contempt by virtue of his failure to comply, does not mitigate the effect of the order. A judgment becomes final despite the fact that it has not been executed. The finality of a decree is not impaired because some future order of the court may become necessary to carry it into effect.
In a similar case, In re Cash Currency Exchange, Inc.,[13] the Seventh Circuit held that the entry of an order requiring turnover of the debtor’s property to the bankruptcy trustee “terminated the adversary proceeding” and was, therefore, appealable to the district court as a final order.[14] The fact that no further proceedings were taken in that ease to execute the order or to exact compliance did not mitigate appeala-bility of the ruling.
The issue between the parties to this adversary proceeding was definitively resolved when the court issued the turnover order. It was then that the party to whom the order was addressed had to decide whether to comply. It was then that the litigation in the bankruptcy court was at an end save for execution of the order. At that moment, then, the order was final, and hence appealable.
For these reasons, we REVERSE the judgment of the district court and REMAND the case to the district court for further proceedings consistent with this opinion.

. 28 U.S.C. § 1291 (1987).

. See In re Feit & Drexler, Inc., 760 F.2d 406, 408, 413 (2d Cir.1985); In re Amatex Corp., 755 F.2d 1034, 1038 (3d Cir.1985).

. See In re Charter Co., 778 F.2d 617, 620, 622 (11th Cir.1985); 1 Collier on Bankruptcy ¶ 3.03[6][a], at 3-149 (15th ed. 1987).

. Cf. In re Covington Grain Co., 638 F.2d 1357, 1359-60 (5th Cir. Unit B Apr. 1981).

. Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945); cf. In re Kutner, 656 F.2d 1107, 1110 (5th Cir. Unit A Sept. 1981), cert. denied, 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982).

. 1 Collier on Bankruptcy ¶ 3.03, at 3-152 (15th ed. 1987).

. Levin, Bankruptcy Appeals, 58 N.C.L.Rev. 967, 985 (1980).

. 711 F.2d 441 (1st Cir.1983).

. Id. at 444-46.

. Id. at 443-44.

. Id. at 444 [emphasis in original].

. Id. at 445-46; see also In re Leimer, 724 F.2d 744, 745 (8th Cir.1984).

. 762 F.2d 542, 546 (7th Cir.), cert. denied,U.S.-, 106 S.Ct. 233, 88 L.Ed.2d 232 (1985).

. Id. See also In re Flying W. Airways, Inc., 442 F.2d 320, 321 n. 1 (3d Cir.1971); Sprout v. Levin, 88 F.2d 866, 869 (8th Cir. 1937); cf. George A. Fuller Co. of P.R. v. Matta, 370 F.2d 679, 680 (1st Cir.1967); O'Keefe v. Landow, 289 F.2d 465, 466 n. 1 (2d Cir.1961).