**In re John Dewey GRIGGS, Cynthia B. Griggs, Debtors.**

**Bankruptcy No. 86–03544–S–2–11.**

United States Bankruptcy Court,
W.D. Missouri, S.D.

Feb. 11, 1988.

Jeff Love, Springfield, Mo., for Virginia Larimore.

Mark Fitzsimmons, Springfield, Mo., for debtors.

William A. Wear, Springfield, Mo., trustee.

Thomas Dwyer, Springfield, Mo., for United Sav. & Loan.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

### FACTS

This case began as a Chapter 11 and converted to Chapter 7 on May 12, 1987. This Order is in response to the creditor's Motion To Set Aside Trustee's Abandonment. At the first meeting of creditors held on June 11, 1987, the trustee withheld any action on abandonment of certain prop-

erty of the debtors' estate including property known as 1898 N. Missouri, Springfield, Missouri which is the subject property of this Motion. Thereafter counsel for United Savings & Loan filed a Motion For Abandonment and Lift of the Automatic Stay to allow foreclosure. A response was filed by debtor and hearing scheduled on July 1, 1987. At that time the parties had reached agreement and the Court ordered Lift of Stay granting that part of the Motion filed by United Savings & Loan upon a finding that debtors or the estate had no equity in the property. The Order was entered July 20, 1987, and included the subject property as well as other parcels of real estate. No appeal was taken from said Order. Pursuant to the Order of the Court, the first mortgage security holder foreclosed on the property. On September 2, 1987, the trustee abandoned all real estate that was part of the bankruptcy estate. No notice of this abandonment was given to the second deed of trust holder who is the movant in this case. Finally, the debtor in this case has repurchased the property from the first mortgage holder who was the successful bidder at the foreclosure sale.

## LAW

According to *In re Motley*, 10 B.R. 141, 144 (Bkrtcy.M.D.Ga.1981), notice is only required to be given to the debtor and the trustee with respect to a Motion to Lift the Automatic Stay. Determinations granting or denying relief from the stay are final decisions. *In re Leimer*, 724 F.2d 744 (8th Cir.1984). Pursuant to B.R. 8002, if there is no timely appeal to an order lifting the automatic stay, that order is final and foreclosure by the prevailing party cannot be prevented. *See* 2 Collier on Bankruptcy 15th Ed. § 362.13. If the stay has been lifted on certain property, that property is no longer property of the estate and thus, there is no longer any power of abandonment with respect to that property.

## ANALYSIS

The debtor and trustee in this case received notice of the Court's Order lifting the automatic stay with respect to subject property. The Order was never appealed, and thus stands as a final determination of the disposition of subject property. The Court holds that Larimore's Motion to Set Aside Trustee's Abandonment is moot and irrelevant because the foreclosure by the first mortgage holder was based upon and carried out pursuant to an Order Lifting the Automatic Stay. The Trustee was served with said Motion and the Order of the Court negated need for abandonment which in fact did not occur for several months. Therefore, the creditor's Motion to Set Aside Trustee's Abandonment is hereby DENIED.