BRIGHT, Circuit Judge,
dissenting.
I respectfully dissent.
What is involved here is not the final distribution of any assets in the estate, but the failure of the then-Chapter 11 trustee to make immediate contributions to pension plans. From this perspective, application of this Court’s three-part test indeed supports a conclusion that the bankruptcy court’s order is a final appeal-able order. Accordingly, I would reverse and remand to the district court for further proceedings.
First, to be considered a final appealable order, the bankruptcy court’s order “need not resolve all issues raised by the bankruptcy for that order to be final and reviewable ... [rather] the order must resolve all of the issues pertaining to the discrete claim for which review is sought.” First Nat’l Bank v. Allen, 118 F.3d 1289, 1293 (8th Cir.1997) (emphasis added) (citation omitted). The majority is correct that even after the bankruptcy court’s order, there remained the Chapter 7 proceedings and a separate adversarial proceeding. The pronouncement that the bankruptcy proceedings are ongoing, however, does not resolve the finality inquiry. Indeed, in “bankruptcy proceedings the courts take a more liberal view of what constitutes a separate dispute for purposes of appeal.” In re Leimer, 724 F.2d 744, 745 (8th Cir.1984). And under this liberal view, the trustee’s liability to the plans during the Chapter 11 proceedings was a separate and discrete dispute.
The Chapter 11 debtor in possession continued the operation of the business and the bankruptcy judge had ordered contemporaneous payments to the plans during operations. Here the plans sought those past due payments. The order denying issuance of a contempt order determined that the plans could not get paid now for those past due obligations. Thus, I believe this order should be deemed final, resolving the issue of no immediate payment.
Second, contrary to the majority’s conclusion, prejudice does directly result from the denial of the motion to show cause. If the plans could not seek review until the conclusion of the Chapter 7 proceedings, the funds in question may be completely disposed of, thereby precluding effective relief for the plans. Indeed, this Court has found prejudice in such circumstances. See In re Olson, 730 F.2d 1109, 1110 (8th Cir.1984) (concluding that prejudice exists when denying jurisdiction to review the claim would force the creditor to seek review of the bankruptcy court’s order at the *372 conclusion of the proceedings and at that point the debtor may have spent all the funds in question).
Third, the majority concludes that even if the denial of the motion to show cause were later reversed, this ruling would not require reopening the bankruptcy proceedings as the issue of whether the trustee should be held in contempt could “likely be resolved without opening the bankruptcy proceedings.” The majority, however, cites no authority for this conclusion. If after the bankruptcy proceedings have concluded it was determined that the plans were entitled to payment by the trustee, where would the plans turn to for payment if the funds were completely disbursed? The funds may have to be recouped from the estate thereby creating a nightmare for the bankruptcy court and all interested parties.
As I see it, all three factors favor finality. Accordingly, I would reverse and remand to the district court with instructions to review on appeal the ruling of the bankruptcy court here in question.