**HEMPSTEAD COUNTY AND NEVADA COUNTY PROJECT: Landfill Committee, a non-profit association; Bill Butler, individually and as Mayor of the City of Hope, Arkansas; Hempstead County, Arkansas; Nevada County, Arkansas; The City of Hope, Arkansas; The City of Prescott, Arkansas; and James Dickerson, an individual, Petitioners,**

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Respondent,**

**Delta Specialty, Inc., Intervenor-Respondent.**

**No. 81–1950.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1982.

Decided Feb. 23, 1983.

---

Vincent Foster, Jr., Carol S. Arnold, Rose Law Firm, Little Rock, Ark., and Randall Wright, Graves & Graves, Hope, Ark., for petitioners.

Charles R. Nestrud, House, Holmes & Jewell, P.A., Little Rock, Ark., for intervenor-respondent.

Carol E. Dinkins, Asst. Atty. Gen., Land & Natural Resources Div., Jose R. Allen, Lee R. Tyner, Attys., Dept. of Justice, Washington, D.C., Dorothy A. Darrah, Atty., U.S.E.P.A., Washington, D.C., Elizabeth Osheim, Atty., U.S.E.P.A., Dallas, Tex., for respondent; Robert M. Perry, Gen. Counsel, Lisa K. Friedman, Asst. Gen. Counsel, U.S.E.P.A., Washington, D.C., of counsel.

* The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska, sitting by designation.

1. The City of Emmet, Arkansas, was also a petitioner.

Before ROSS and FAGG, Circuit Judges, and SCHATZ,* District Judge.

SCHATZ, District Judge.

Certain residents, three municipalities,[1] and two counties in southwest Arkansas (petitioners) have petitioned this Court to review an action taken by an Acting Regional Administrator of the Environmental Protection Agency (EPA). The EPA, respondent in this action, issued an advisory opinion pursuant to the Resource Conservation and Recovery Act of 1976 (RCRA). The advisory opinion letter enabled Delta Specialty, Inc. (Delta), an intervenor-respondent, to continue with its plan to construct a hazardous waste landfill disposal facility until a permit was granted by the EPA or state agency. There being no statutory authority to take this direct appeal, this Court lacks jurisdiction and hereby transfers this petition to the United States District Court for the Western District of Arkansas.

I.

RCRA requires that each person owning or operating a hazardous waste facility obtain a permit. 42 U.S.C. § 6925(a). On August 18, 1980, Delta filed with the EPA a "Notification of Hazardous Waste Activity." On November 18, 1980, Delta filed with the EPA Region VI in Dallas, Texas, Part A of a two-part application for a RCRA permit for a facility in Arkansas. Delta also sought special status known as "interim status." In most circumstances a facility with "interim status" may operate until a final administrative disposition of the permit application is made by the EPA. Under Section 3005(e) of RCRA, 42 U.S.C. § 6925(e), as amended, the owner-operator of the facility which is "in existence on November 19, 1980," is deemed to have "interim status" and as such is treated as having been issued a permit to operate.[2]

2. 42 U.S.C. § 6925(e) provides in relevant part:
(e) Interim status.—Any person who—

On December 30, 1980, the EPA notified Delta that its application was deficient. On January 22, 1981, Delta submitted supplemental documents supporting its position that it was "in existence" as of November 19, 1980. The EPA conducted investigations and on June 8, 1981, the Acting Regional Administrator for the EPA Region VI office concluded that Delta appeared to qualify for "interim status" as an existing hazardous waste facility under RCRA. Joint Appendix (J.A.) 228–29. The matter was reconsidered by the EPA upon the petitioners' request, but on October 19, 1981, the EPA reaffirmed its earlier opinion qualifying Delta for "interim status." J.A. 240–41.

The petitioners seek direct appellate review of this EPA action granting "interim status" to Delta and urge this Court to find that the EPA decision was arbitrary, capricious and an abuse of discretion. Before we can consider the merits of the Regional Administrator's action, we must first determine if we have proper jurisdiction to directly review this matter. The EPA maintains that this Court lacks jurisdiction, while the petitioner and the intervenor, Delta, contend that it is proper for this Court to reach the merits of this petition.

## II.

■ This Court has only the jurisdiction that Congress has conferred upon it by statute. *City of Baton Rouge v. United States Environmental Protection Agency*, 620 F.2d 478, 480 (5th Cir.1980); *Noland v. United States Civil Service Commission*, 544 F.2d 333, 334 (8th Cir.1976); 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3901 (1976). The only possible statutory basis for our direct review of the EPA action in this case is Section 7006(b)(1) of RCRA, 42 U.S.C. § 6976(b). That subsection provides in relevant part:

(1) owns or operates a facility required to have a permit under this section which facility is in existence on November 19, 1980, (2) has complied with the requirements of section 6930(a) of this title, and (3) has made an application for a permit under this section shall be treated as having been issued such permit until such time as final administrative

(b) Review of certain actions under sections 6925 and 6926 of this title.—Review of the Administrator's action (1) in issuing, denying, modifying, or revoking any permit under section 6925 of this title . . . may be had by any interested person in the Circuit Court of Appeals of the United States for the Federal judicial district in which such person resides or transacts such business upon application by such person. . . .

Petitioners maintain that the EPA grant of "interim status" to Delta is an action in issuing a permit under Section 6925 and therefore properly reviewable by this Court. They contend that "interim status" is an EPA "conditional" permit. Because "interim status" enables Delta to construct the facility without being subject to prosecution for not having a permit, the petitioners conclude that Congress intended "interim status" to be a "permit."

The EPA's position in this matter is that "interim status" is not an EPA "permit" and that for the Regional Administrator to express an opinion that a facility has met the requirements for "interim status" does not constitute an action in issuing a permit under Section 6925 of RCRA. The EPA maintains that the administrator "issues" a permit and that in this case "interim status" was not "issued" by the administrator, but rather was a statutorily conferred grandfathering provision which allows a facility to continue until a permit *is* issued. The subsection in question provides that a facility with "interim status" "shall be treated as having been issued such permit until such time as final administrative disposition of such application is made . . . ." 42 U.S.C. § 6925(e).

We are persuaded that the position taken by the EPA is correct. The review provi-

disposition of such application is made, unless the Administrator or other plaintiff proves that final administrative disposition of such application has not been made because of the failure of the applicant to furnish information reasonably required or requested in order to process the application.

sion of Section 6976(b) is specific. This Court is only empowered to directly review the administrator's action in "issuing, denying, modifying or revoking any permit under section 6925." This Court is not convinced that "interim status" is a permit action requiring direct review by the Court. We perceive "interim status" to be a temporary condition intended by Congress to enable existing facilities to continue while their permanent permit application is pending. It is a stage *prior* to the EPA issuance or denial of a permit. A permit to operate has not been issued to Delta.[3] Rather, a temporary status has been granted to them. Presumably, at a later date, the EPA will make a final determination as to Delta's permanent application and that action will be reviewable under Section 6976(b).

▪ Based upon our review of the statutory provision that provides for direct appeal to the Court of Appeals in some RCRA matters, this Court holds that Section 6976(b) does not confer upon this Court jurisdiction for direct review of an "interim status" determination made by the EPA pursuant to Section 6925(e). An additional factor that has influenced this Court is the absence of a record. In most instances, a determination as to the propriety of an agency permit decision requires a record. The district court has both the procedures and facilities at its disposal for that task. *See Susquehanna Valley Alliance v. The Three-Mile Island Nuclear Reactor,* 619 F.2d 231, 241 (3d Cir.1980), *cert. denied,* 449 U.S. 1096, 101 S.Ct. 893, 66 L.Ed.2d 824 (1981).

### III.

▪ Mindful of the serious public policy considerations involving hazardous waste disposal facilities, the Court considers this matter an appropriate one to transfer to a United States District Court for review. Congress has recently conferred upon federal courts general transfer power to cure a want of jurisdiction. 28 U.S.C. § 1631. Section 1631 provides that:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Our research has produced no record as of this date of any court effecting a transfer pursuant to § 1631, but our review of the legislative history prompts us to conclude that this matter is precisely the situation Congress contemplated when it enacted § 1631.[4]

▪ The language of the statute itself provides us with the analysis to utilize when applying the transfer provision. First, the court where the action is originally filed must find that there is a want of jurisdiction; second, the court must determine if it is in the interest of justice; and third, that court shall then transfer the action to any such court in which the action could have been brought at the time it was filed.

We now apply this analysis to the facts of this matter.

---

3. The EPA, in its advisory opinion letter, specifically stated that Delta must obtain approval from Arkansas before it begins to operate. J.A. 229.

4. Senate Report No. 97–275 states in relevant part: "In recent years much confusion has been engendered by provisions of existing law that leave unclear which of two or more federal courts including courts at both the trial and appellate level—have subject matter jurisdiction over certain categories of civil actions. The problem has been particularly acute in the area of administrative law where misfilings and dual filings have become commonplace." Reprinted in 1982 U.S.Code Cong. & Adm.News, p. 21, P.L. 97–164, 96 Stat. 25.

We need not repeat our discussion of jurisdiction, having adequately set out in Part II our rationale for determining that this Court lacks jurisdiction over a Section 6925(e) "interim status" dispute. Our inquiry next focuses on whether it is "in the interest of justice" to transfer this petition to the district court. Because the Court views the original filing of this petition in the Court of Appeals as one made in good faith by the petitioners based on their reading of the RCRA provisions and because the statute of limitations or filing period may have expired so as to preclude a filing in the district court at this date, we deem it "in the interest of justice" to transfer this matter rather than dismiss the petition without prejudice.

Lastly, we must examine the issue of which court has proper jurisdiction over this matter. The statutory provision enables this Court to transfer this matter to "any such court in which the action could have been brought at the time it was filed ...." 28 U.S.C. § 1631.

Section 7002(a)(1) of RCRA, 42 U.S.C. § 6972(a)(1), provides for citizens' suits in certain situations in the district court for the district in which the alleged violation occurred. We are aware that such a citizens' suit requires a notice to the Administrator of EPA, the state, and the alleged violator sixty (60) days prior to the filing of the suit, 42 U.S.C. § 6972(b)(1), but note that the purpose of such notice has long since been satisfied in the instant action.[5]

For the above reasons, this Court holds that it lacks jurisdiction to review an "interim status" determination, and because it is in the interest of justice, hereby directs the Clerk of the Court to transfer this petition for review to the United States District Court for the Western District of Arkansas, pursuant to 28 U.S.C. § 1631.

---

**5.** Further, the posture of the EPA, at oral argument, clearly indicates that no issue regarding the technicalities of the notice provision as it relates to this transferred matter will be raised by the EPA in the district court.