883 F.2d 70
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Eugene SELLNER, and the Citizens of Maryland, Plaintiff-Appellant,
v.
The DISTRICT OF COLUMBIA, Maurice Turner, Chief of Police,
Sammie Morrison, Deputy Chief of Police, Leslie F. Wilson,
t/a Sharron's Exxon, John E. Davis, t/a J & T Auto Wreckers;
Thomas M. Underwood, t/a J & T Auto Wreckers; Charles
Underwood, t/a Discount Used Auto Parts; Prince George's
County, Maryland, a body corporate and politic; Michael J.
Flaherty, Chief of Police; Michael Mulligan; George F.
Pappas, Defendants-Appellees.
 No. 88-3652.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 8, 1989.
Decided Aug. 11, 1989.
 
 John Eugene Sellner, appellant pro se.
 Charles Luverne Reischel (Office of Corporation Counsel) for appellees District of Columbia, Turner, and Morrison.
 Donald Lee Noble (Noble & Lipstein, P.A.) for appellees Davis, Thomas Underwood, and Charles Underwood.
 Alan E. DiAppolito for Appellees Prince George's County, Michael J. Flaherty, and Michael Mulligan.
 Before WIDENER, K.K. HALL, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Eugene Sellner filed suit under 42 U.S.C. Sec. 1983, 42 U.S.C. Sec. 1985, 42 U.S.C. Sec. 1986, federal environmental statutes, and Maryland state law. The district court entered judgment in favor of defendants, and Sellner appealed. We affirm.
 
 
 2
 Sellner's Sec. 1983 claims are without merit because he made only general allegations that the defendants deprived him of constitutional rights. A complaint alleging Sec. 1983 violations must contain specific factual allegations demonstrating the involvement of individual defendants. The district court is not required to develop tangential claims from scant assertions in the complaint. See Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir.1985), cert. denied, 475 U.S. 1088 (1986). Further, Sellner's claims against the District of Columbia must fail under the rationale of Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978), since there was no indication that the alleged unconstitutional actions were due to a custom, policy, or regulation officially adopted by the District.
 
 
 3
 Sellner's contentions that there was a conspiracy to deprive him of constitutional rights in violation of 42 U.S.C. Sec. 1985, and that the defendants had knowledge of these wrongs in violation of 42 U.S.C. Sec. 1986 are without merit. Sellner raised no facts to support his theory of conspiracy, nor any that could support an allegation of knowledge by the defendants.
 
 
 4
 Additionally, Sellner's assertion that certain of the defendants instituted false criminal charges against him in order to prevent communication with a law enforcement officer or judge in violation of 18 U.S.C. Sec. 1512 is without merit. Sellner failed to allege any facts to demonstrate that he was prevented from communicating with an officer or judge, but merely made general allegations that the statute was violated.
 
 
 5
 Sellner asserted that the defendants violated the "Environmental Protects Acts" but did not specify a particular statute. He also contended that the defendants violated the Solid Waste Disposal Act, 42 U.S.C. Sec. 6901 et seq. The Solid Waste Disposal Act does not allow a private cause of action for damages, 42 U.S.C. Sec. 6972(a); see generally Middlesex City Sewerage Authority v. National Sea Clammers Ass'n, 453 U.S. 1 (1981); see also Walls v. Waste Resource Corp., 761 F.2d 311 (6th Cir.1985), although it allows a private citizen to act as a private attorney general in seeking the assessment of civil penalties and injunctive relief. See Environmental Defense Fund, Inc. v. Lamphier, 714 F.2d 331 (4th Cir.1983). Sellner did not seek civil penalties or injunctive relief, but sought personal damages. Because Sellner did not have a private cause of action for damages, his environmental claims were properly dismissed.*
 
 
 6
 We affirm the district court's dismissal of Sellner's claims under the Occupational Health & Safety Act, 29 U.S.C. Sec. 651 et seq., since there is no indication in the record that Sellner sought initial review before the Occupational Safety and Health Review Commission. Objections must be raised before the Commission as a prerequisite to judicial review. See Power Plant Division, Brown & Root, v. Occupational Safety and Health Review Commission, 673 F.2d 111 (5th Cir.1982); 29 U.S.C. Sec. 660(a).
 
 
 7
 Finally, the district court properly dismissed Sellner's claims under Maryland law because they did not present a federal question, nor arise out of a common nucleus of operative fact with any viable federal claim. See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).
 
 
 8
 We accordingly affirm the district court's dismissal of all claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 *
 We need not reach the issue whether the district court properly dismissed Sellner's environmental claims because he failed to comply with the notice requirements of 42 U.S.C. Sec. 6972(b). See Garcia v. Cecos International, Inc., 761 F.2d 76 (1st Cir.1985); Walls, 761 F.2d at 316; City of Highland Park v. Train, 519 F.2d 681 (7th Cir.1975), cert. denied, 424 U.S. 927 (1976); Hallstrom v. Tillamook County, 831 F.2d 889 (9th Cir.1987), cert. granted, 57 U.S.L.W. 3619 (U.S. March 19, 1989) (No. 88-42). Cf. Natural Resources Defense Council v. Callaway, 524 F.2d 79, 83-84 (2d Cir.1975); Susquehanna Valley Alliance v. Three Mile Island Nuclear Reactor, 619 F.2d 231, 243 (3d Cir.1980), cert. denied, 449 U.S. 1096 (1981); Hempstead County and Nevada County Project v. United States Environmental Protection Agency, 700 F.2d 459, 463 (8th Cir.1983); Natural Resources Defense Council v. Train, 510 F.2d 692 (D.C.Cir.1974)