In re APEX OIL COMPANY, et al.

Raymond KUBICIK, Bobby Franklin, Appellants,

v.

APEX OIL COMPANY, Clark Oil & Refining Corporation, Apex R.E. & T., Inc., d/b/a Apex Towing Company, Petroleum Fuel & Terminal Company, Inc., Crest Tankers, Inc., Clayton Tankers, Inc., Appellees,

Examiner, Amicus.

No. 88–2741.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1989.

Decided Aug. 28, 1989.
Rehearing Denied Oct. 13, 1989.

Roy C. Dripps, Alton, Ill., for appellants.

John Talbot Sant, Jr., St. Louis, Mo., and Arnold M. Quittner, Los Angeles, Cal., for appellees.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

HENLEY, Senior Circuit Judge.

Raymond Kubicik and Bobby Franklin appeal the bankruptcy court's [1] denial of their motions filed pursuant to 11 U.S.C. § 362(d) to terminate the automatic stay provision of 11 U.S.C. § 362(a) in Apex Oil's (Apex) Chapter 11 bankruptcy case. The case is before this court pursuant to a transfer of an appeal by the district court [2] pursuant to 28 U.S.C. § 1631.[3]

## I.  FACTS

Kubicik and Franklin had prepetition claims seeking damages based on a wrongful death and a personal injury, respectively, filed pursuant to the Jones Act and general maritime law against Apex in Illinois state court.  Kubicik, Franklin and eight other Jones Act movants filed postpetition motions to terminate the bankruptcy stay, and pursuant to 11 U.S.C. §§ 1104 and 1106, the bankruptcy court referred these motions to an examiner for investigation.

The examiner concluded that based on the large number of Jones Act claims and the resulting defense cost of each, the $50,-000.00 to $500,000.00 deductible provision of Apex's insurance policies, and the "indemnity" nature of these policies, the potential cost to Apex would prejudice Apex's estate.  The examiner recommended that the motions for relief from the stay be denied, with the automatic stay continuing subject to a "Claims Resolution Procedure" whereby a multiple-step process would be initiated by the claimants, culminating in negotiation, mediation, arbitration, or a trial on the merits in the United States District Court for the Eastern District of Missouri.

The parties filed timely objections to these findings, and after arguments the bankruptcy court issued an order signed May 16, 1988 by Chief Judge John F. Nangle, and signed May 20, 1988 by Bankruptcy Judge Barry S. Schermer.  After considering the pleadings, evidence, statements of counsel, and the report and recommendations of the examiner, the court denied the Jones Act movants' motions and mod-

---

1. The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri, and The Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri.

2. The Honorable William L. Hungate, United States District Judge, Eastern District of Missouri.

3. 28 U.S.C. § 1631 provides the following:
   Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

"Courts" as used in § 1631 are defined in 28 U.S.C. § 610 as including courts of appeals and district courts of the United States.

ified the automatic stay to permit each movant to follow a claims resolution procedure pursuant to 28 U.S.C. § 157 as set forth by the court.[4] The court found that if Apex were required to defend separately the large number of pending claims at a cost estimated at $35,000.00 per claim, Apex's reorganization would be seriously prejudiced. The court thus concluded that a balancing of the parties' interests mandated a modification of the stay to permit all claimants to follow the claim resolution procedure requiring either proof of claims negotiation or mediation and, failing resolution, either binding arbitration or trial in the appropriate district court. Some provision was made for collection of arbitration awards from insurance proceeds; otherwise, in general, Jones Act claimants were precluded from perfecting or enforcing asserted liens against property of Apex.

Moreover, the order provided that further actions taken by the court would include (1) amending the claims procedure as deemed advisable; (2) approving of the proof of claim settlement which resulted in a claimant becoming a creditor of Apex; (3) selecting a mediator; (4) setting forth the procedures for and an appointment of a panel of arbitrators; and (5) ordering, upon trial in district court, the bankruptcy court to submit to the district court proposed findings of fact and conclusions of law as to the appropriate venue for trial of the case pursuant to 28 U.S.C. § 157(b)(5) and (c).[5]

The May 16, 1988 order was amended on June 8, 1988 by Judge Schermer to clarify the mediation procedure, and amended again on August 2, 1988 by Judge Schermer and Chief Judge Nangle to include a provision that the Chief Judge of the District Court would appoint an arbitrator when appropriate.

On May 26, 1988 Kubicik and Franklin appealed the order to the district court. A hearing was held where the examiner argued a motion to dismiss asserting that the signature of Chief Judge Nangle resulted in the order serving as an order of the district court, and that any appeal should be made to the court of appeals. In the alternative, the examiner contended the order was interlocutory and that Kubicik and Franklin had not sought permission to appeal such a nonfinal order. Kubicik and Franklin filed a motion to strike the examiner's motion or, in the alternative, to allow an appeal of the order in the event that the court found it interlocutory.

The district court concluded that based on a signature by the district judge it lacked jurisdiction over the appeal; that because of the apparent confusion of all parties as to the May 16, 1988 order and the Bankruptcy Amendments and Federal Judgeship Act of 1984, the interest of justice would be served by transferring the appeal to the Court of Appeals for the Eighth Circuit; and that to the extent that the May 16, 1988 order was a final order, the appeal could have been timely brought in the Court of Appeals for the Eighth Circuit on May 26, 1988.[6] The court denied

---

**4.** 28 U.S.C. § 157(b)(5) provides the following: The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

**5.** 28 U.S.C. § 157(c) provides the following:
(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and

conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.
(2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.

**6.** The Bankruptcy Amendments and Federal Judgeship Act of 1984 became effective on July 10, 1984. *See* Pub.L. No. 98–353, 98 Stat. 333 (1984). These amendments apparently repealed the former bankruptcy appellate provisions. *See* 16 C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 3926, at 114 n. 0.7

as moot the examiner's motion and denied, without prejudice, Kubicik and Franklin's motions to appeal the order to the extent that it might be deemed interlocutory. Finally, the court concluded that, if the order be deemed an interlocutory order, Kubicik and Franklin might still have the opportunity to file a timely motion seeking permission to appeal an interlocutory order from Chief Judge Nangle under 28 U.S.C. § 1292(b), but that the interest of justice required that the appeal be transferred.[7]

## II. APPELLATE JURISDICTION

### A. 28 U.S.C. § 1631 Transfer

■ Although the order transferring this appeal pursuant to 28 U.S.C. § 1631 has not been appealed by the parties, it is incumbent upon this court to establish that it has jurisdiction as a result of that transfer as "[t]his court has only the jurisdiction that Congress has conferred upon it by statute." *Hempstead County & Nevada County Project v. United States Environmental Protection Agency*, 700 F.2d 459, 461 (8th Cir.1983); *see also McGowne v. Challenge–Cook Bros.*, 672 F.2d 652, 658 (8th Cir.1982) (appellate court obligated to raise jurisdictional issues not raised by the parties).

As previously noted, § 1631 grants the district court power to transfer a case to the proper federal court when it determines that it lacks jurisdiction, provided that the transfer will be in the interest of justice, and that, had the case been originally filed in the proper court, the filing would have been timely and jurisdictionally proper in

that court. *See Hempstead County*, 700 F.2d at 462.

We believe the district court was correct to transfer this appeal as it lacked jurisdiction over the bankruptcy order. *See In re Manoa Fin. Co.*, 781 F.2d 1370, 1372 (9th Cir.1986) (per curiam) (appeals from decisions of district court judges should not be heard by other district court judges), *cert. denied*, 479 U.S. 1064, 107 S.Ct. 948, 93 L.Ed.2d 997 (1987). Moreover, because the dual signing of the order could have confused the parties as to the correct appellate procedure, it is in the interest of justice to transfer this appeal. *See In re McCauley*, 814 F.2d 1350, 1351–52 (9th Cir.1987) (28 U.S.C. § 1631 created for appellants who experience confusion as to correct appellate forum). Finally, the appeal would have been timely filed, had the appellants originally filed their appeal in this court. *See* Fed.R.Civ.P. 4. Consequently, we assume jurisdiction pursuant to 28 U.S.C. § 1631. This assumption, however, is contingent on the May, 1988 order being a final appealable order.

### B. Finality of the May 1988 Order

"The district court has jurisdiction to review appeals from final bankruptcy court orders. 28 U.S.C. § 158(a). This court has jurisdiction of all 'final decisions, judgments, orders and decrees' entered by the district court reviewing final bankruptcy court orders. *Id.* § 158(d)." *In re Schneider*, 873 F.2d 1155, 1156 (8th Cir. 1989).[8] Consequently, the underlying ques-

---

(Supp.1988) (discussing the confusion surrounding the apparent repeal of 28 U.S.C. § 1293).

**7.** 28 U.S.C. § 1292(b) provides the following: When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made

to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

**8.** 28 U.S.C. § 158 provides in pertinent part: (a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial

tion becomes whether the bankruptcy court decision was a final decision appealable to the district court, and thus, available for transfer to this court.

■ The factors used in deciding the finality of a bankruptcy order are the extent to which (1) the order leaves the bankruptcy court nothing to do but execute the order; (2) delay in obtaining review would prevent the aggrieved party from obtaining effective relief; and (3) a later reversal on that issue would require recommencement of the entire proceeding. *See In re Olson,* 730 F.2d 1109 (8th Cir.1984) (jurisdiction established pursuant to 28 U.S.C. § 1293). We are aware that this test for finality "is more liberal than that generally applied in determining the finality of orders in non-bankruptcy proceedings," *id.* at 1109, but believe this to be the more appropriate test, *see id.* at 1109–10. *But see* Grippando, *Circuit Court Review of Orders on Stays Pending Bankruptcy Appeals to U.S. District Courts or Appellate Panels,* 62 Am. Bankr.L.J. 353, 360–62 (1988) (questioning whether 28 U.S.C. § 158, the jurisdictional provision added by the 1984 Amendments to the Bankruptcy Act of 1978, has changed the more "liberal" standard of finality as interpreted by the courts pursuant to 28 U.S.C. § 1293).

When a "final order denying relief from a stay functions as a permanent injunction, it is final for purposes of appeal." *In re Leimer,* 724 F.2d 744, 746 (8th Cir.1984) (bankruptcy order denying a motion to lift a stay in an adversary proceeding involving interest in property, and terminating the proceeding on the merits final for purposes of appeal); *see also Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1309 (11th Cir.1982) (denial of relief from an automatic bankruptcy stay is a final order); *In re Taddeo,* 685 F.2d 24, 26 n. 4 (2d Cir.1982) (same). *But see Quinn v. CGR,* 828 F.2d 1463, 1465–67 (10th Cir.1987) (order compelling arbitration and staying

bankruptcy proceeding not a final order within section 1291).

■ Moreover, an order denying relief from a stay can be final even though the entire bankruptcy proceeding would have to be recommenced if this court ultimately found that the denial was in error, and the property would be tied up in lengthy bankruptcy proceedings. *See In re Leimer,* 724 F.2d at 745; *cf. Lauro Lines v. Chasser,* — U.S. ——, 109 S.Ct. 1976, 1978, 104 L.Ed.2d 548 (1989) (possibility of subsequent reversal on review which would result in additional cost of unnecessary litigation is not sufficient reason to set aside finality requirement of 28 U.S.C. § 1291 in nonbankruptcy proceeding).

■ While we are aware that our previous holdings were made before the 1984 amendments, we believe the reasoning in these cases holds true. It is apparent that the order in this case leaves nothing more for the court to do beyond the ministerial tasks necessary for execution. *See In re Vekco,* 792 F.2d 744, 745 (8th Cir.1986). We believe the order acts as a permanent injunction in terminating the parties' right to pursue their claims in state court. *Lauro Lines*'s holding that an order is interlocutory when it allows litigation to continue in district court is distinguishable from the instant case in that, here, litigation in state court is terminated. *See* 109 S.Ct. at 1978. Finally, there is no doubt that a later reversal on the propriety of the claims procedure would require great additional cost, litigation, and delay to all the parties. Thus we find the order final for purposes of appeal.

## III. MERITS

On appeal Kubicik and Franklin argue that the bankruptcy court's balancing of the parties' hardships in favor of Apex was error, as granting Kubicik and Franklin's motion to lift the stay would result in no great prejudice to Apex's estate. Specifically, they assert that the court's decision

district in which the bankruptcy judge is serving.

\* \* \* \* \* \*

(d) The courts of appeals shall have jurisdiction of appeals from all final decisions, judg-

ments, orders, and decrees entered under subsections (a) and (b) of this section.

Subsection (b) is not relevant here as it deals with bankruptcy appellate panels.

that there are five-hundred pending Jones Act and tort claims against Apex is clearly erroneous as only eleven proofs of claims were filed with the bankruptcy court and that adequate insurance exists to cover any judgments resulting from those claims. In contrast, they assert that continuation of the stay, as modified, would be an undue hardship on appellants because of Kubicik's survivor's age (73), and Franklin's injuries (unspecified).

Moreover, Kubicik and Franklin claim error in the court's refusal to allow examination of Apex's records and cross-examination of Apex employees concerning the number of existing claims. They argue that 11 U.S.C. § 1106(b) was not intended to allow an examiner's report to be used as factual findings, and thus the examiner's findings are not the equivalent of evidence. For the first time on appeal they assert error in the bankruptcy judge's refusal sua sponte to disqualify himself based on the judge's former law partner's joining of a law firm which is a prepetition creditor of Apex, and which is extensively involved in other businesses with Apex. Finally, Kubicik and Franklin assert that the plain language of 28 U.S.C. § 1445(a) precludes the claims procedure fashioned by the bankruptcy court.

Kubicik and Franklin ask that this court reverse the May, 1988 order and terminate or modify the automatic stay as it relates to their pending claims in state forums with the understanding that any resulting judgments be enforced only through the bankruptcy proceeding.

■ After notice and hearing, the bankruptcy court may terminate or modify an automatic stay for cause. 11 U.S.C. § 362(d)(1). A bankruptcy court's legal conclusions are reviewed de novo, while its factual findings are reviewed under the clearly erroneous standard. *Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir. 1987). Moreover, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."

Bankruptcy Rule 8013. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).

■ The question initially raised by our review of the bankruptcy court's conclusions of law is whether the bankruptcy court's claim procedure is jurisdictionally defective. *See Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116, 117–18 (5th Cir.1987) (en banc) (Jones Act incorporates 28 U.S.C. § 1445(a), which precludes removal of claims from state to federal court); *Kinder v. Wisconsin Barge Line, Inc.*, 69 B.R. 11, 12 (E.D.Mo.1986) (28 U.S.C. § 157(b)(5) does not override the provision incorporated by the Jones Act precluding removal to federal court). This specific question, like Kubicik and Franklin's recusal argument, is raised for the first time on appeal and, as far as we know, has neither been presented to nor addressed by the court below. *See Singleton v. Wulff*, 428 U.S. 106, 120–21, 96 S.Ct. 2868, 2877–78, 49 L.Ed.2d 826 (1976) (appellate court generally should not address merits when those merits were never presented to court below).

We have additional concerns in that the record in this case is not complete and we are unable effectively to review the factual findings of the bankruptcy court without more information. The record does not contain a transcript of the proceedings below, as they were not transcribed and Kubicik and Franklin did not attempt to reconstruct those proceedings. *See* Fed.R. App.P. 10(c) (statements of evidence may be used to reconstruct the record when transcript not available); *cf. Pruitt v. Hutto*, 574 F.2d 956, 957–58 (8th Cir.) (per curiam) (effective review possible, without transcript, when events reconstructed from parties' recollection), *cert. denied*, 439 U.S. 870, 99 S.Ct. 201, 58 L.Ed.2d 182 (1978).

Moreover, the bankruptcy court stated in its order that in making its decision it relied on evidence that was separate and apart from the pleadings, the statement of coun-

sel, and the report and recommendations of the examiner. We can only assume, in absence of proof otherwise and because the examiner's findings and the court's findings on the number of pending claims appear to be in conflict, that there exists some other "evidence" not provided in the record. In addition, contrary to Kubicik and Franklin's assertion, there is nothing in the record indicating that the court refused their motion for permission to interview Apex employees and review Apex records, and little to suggest that the motion was brought to the attention of the court at the hearing below.

We observe that if a complete and accurate record existed in this case justification might exist to lift the stay. After consideration of the problems with the record in this case, we temporarily affirm the stay, pending further development of a record upon which a reasonable decision as to the permanency of the stay can be made. Thus to the extent that the stay is continued, we affirm the bankruptcy court. We remand the case, however, to the bankruptcy court for further findings of fact and conclusions of law consistent with the areas of concern expressed in this opinion. *See In re Excalibur Auto. Corp.*, 859 F.2d 454, 460 (7th Cir.1988) (case remanded based on insufficient record and absence of consideration of legal concerns). This remand is without prejudice, and with leave to any of the parties or prospective claimants to petition the bankruptcy court for relief from the stay. It is assumed that with or without further petitions, the court will proceed in due course to reexamine its positions with respect to stays, and that following such reexamination any aggrieved party will undertake, if such party cares so to do, such review proceedings as may be provided by law.