**In re WOODS FARMERS CO-OPERATIVE ELEVATOR COMPANY, Debtor.**

**Wayne DREWES, Trustee–Appellee,**

v.

**ST. PAUL BANK FOR COOPERATIVES, Appellant.**

**No. 92–2239.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1992.

Decided Jan. 7, 1993.

Roger J. Minch, Fargo, ND, argued, for appellant.

Kip M. Kaler, Fargo, ND, argued, for trustee-appellee.

Before McMILLIAN, BOWMAN, and LOKEN, Circuit Judges.

LOKEN, Circuit Judge.

This appeal illustrates the jurisdictional mess that results when parties to a complex bankruptcy proceeding ignore the final order requirement of 28 U.S.C. § 158(d). We dismiss the appeal for lack of jurisdiction and remand the case with the instructions contained in the last paragraph of this opinion.

Woods Farmers Cooperative Elevator Company commenced this voluntary Chapter 7 proceeding in April 1989. The undistributed assets of the bankruptcy estate presently include two cash accounts derived from grain sales: approximately $93,000 in the "accounts receivable" account, made up of the net proceeds from grain sold and delivered by Woods before the bankruptcy but collected after April 1989; and approximately $208,000 in the "house grain" account, which consists of the remaining proceeds from the trustee's sale of grain on hand in the elevator when the Chapter 7 proceeding commenced. Creditors vying for these monies include appellant St. Paul Bank for Cooperatives ("the Bank"), which holds a perfected security interest in Woods's inventory and other assets, and farmers who sold grain to Woods before bankruptcy[1] and who the trustee now claims have a prior statutory lien under N.D.Cent.Code § 60–02–25.1.

The trustee initially commenced an adversary proceeding to resolve these competing claims. In October 1989, the bankruptcy court held that the trustee could avoid the § 60–02–25.1 statutory lien under § 545 of the Bankruptcy Code. However, the district court reversed that ruling and remanded for consideration of creditor priority issues.[2] On May 8, 1991, the bankruptcy court granted judgment in favor of

---

1. Farmers who merely stored grain at Woods's elevator retained an ownership interest superior to any Woods creditor. These storage claims have already been paid.

2. The Bank appealed and this court affirmed the district court's resolution of the § 545 issue without discussing finality. *In re Woods Farmers Coop. Elevator Co.,* 946 F.2d 1411 (8th Cir. 1991).

the Bank in the adversary suit on the ground that the Bank's security interest was perfected long before § 60–02–25.1 was enacted in 1985 and could not be preempted by this subsequent legislation.

In June 1991, while appeals from the May 8 Order were pending in the district court, the Bank moved for an order in the Chapter 7 proceeding directing that the proceeds of both the accounts receivable account and the house grain account be distributed to the Bank. The bankruptcy court granted that motion in September 1991. The trustee inexplicably appealed only part of this order—the part relating to the $93,000 in the accounts receivable account—asserting that those proceeds, like the $208,000 in the house grain account, were subject to the prior statutory lien under § 60–02–25.1. By this tactic, the trustee (i) bifurcated the resolution of closely related issues, and (ii) created a partial, interlocutory appeal out of what appeared to be a final bankruptcy court distribution order.

On February 27, 1992, the district court remanded the May 8 Order to the bankruptcy court for further findings.[3] On April 20, 1992, the district court reversed the September 1991 Order and remanded for further proceedings, concluding that the § 60–02–25.1 statutory lien applies to the proceeds of grain sold by Woods prior to bankruptcy. The Bank now appeals the district court's April 20 remand order.

■ Unlike the district court, which has discretion to hear appeals from interlocutory bankruptcy court orders, § 158(a), our jurisdiction is limited to "appeals from all final decisions, judgments, orders and decrees" of the district court. 28 U.S.C. § 158(d). *See In re Gaines*, 932 F.2d 729, 731 and n. 1 (8th Cir.1991). We conclude that the district court's April 20, 1992, order was not a final order for two distinct reasons.

■ First, the Bank's claim to the $93,000 accounts receivable account does not constitute a relevant "judicial unit" for purposes of appeal. *See In re Saco Local Dev. Corp.*, 711 F.2d 441, 445 (1st Cir.1983). While it is true that in bankruptcy proceedings "courts take a more liberal view of what constitutes a separate dispute for purposes of appeal," *In re Leimer*, 724 F.2d 744, 745 (8th Cir.1984), an order entered before the conclusion of a complex bankruptcy proceeding is not appealable under § 158(d) unless it finally resolves a discrete segment of that proceeding. Determining the scope of the relevant judicial unit is a pragmatic inquiry guided by the three-factor test set forth in *In re Apex Oil Co.*, 884 F.2d 343, 347 (8th Cir.1989). Here, the same creditors assert conflicting priority claims to two cash accounts derived from grain sales. Though these claims have been bifurcated on appeal, they raise closely related legal issues. Indeed, the parties admit that the ultimate disposition of the $208,000 house grain account could render the issue presented on this appeal moot. Under § 158(d), we do not render advisory opinions or hear unnecessary appeals. *See Gaines*, 932 F.2d at 732. Because the trustee chose to bifurcate the district court's consideration of the two accounts, that court's April 20 order did not finally resolve a discrete judicial unit of this Chapter 7 proceeding.

■ Second, as we have repeatedly noted, a district court's remand order is not final for purposes of § 158(d) if it "anticipates further judicial activity that is likely to affect the merits of the controversy." *In re Vekco, Inc.*, 792 F.2d 744, 745 (8th Cir.1986). Such is the case here. The district court's April 20 order only determined that the proceeds of grain sold prior to bankruptcy are subject to the § 60–01–25.1 statutory lien. Other issues, such as whether § 60–02–25.1 applies retroactively, must be resolved before the bankruptcy court can order final distribution of the $93,000 to specific creditors.

Accordingly, we dismiss this appeal for lack of jurisdiction.

At oral argument, we were advised—and have since confirmed—that on November 3,

---

**3.** This appeal recently returned to the district court with the requested findings and was the subject of that court's November 3, 1992, ruling discussed in the last paragraph of this opinion.

1992, the district court entered a "Final Order for Judgment" in favor of the trustee regarding the $208,000 proceeds in the house grain account. If the house grain account is not a relevant judicial unit when separated from the accounts receivable account, the November 3 district court order may not be a final order under § 158(d). Therefore, on remand the district court should consolidate the two appellate proceedings, vacate its November 3 final order, and, when an order is subsequently issued in the consolidated case, explain whether it considers that order to be final for purposes of § 158(d).[4] Any appeal from an order in the consolidated case will be submitted to this panel.

---

**4.** In *Connecticut Nat. Bank v. Germain,* —— U.S. ——, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992), the Supreme Court held that a district court order not appealable under § 158(d) is subject to the certification procedure of 28 U.S.C. § 1292(b). This procedure will of course be available to the district court in the consolidated case.