# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3676

_____

Stonehill Financial, L.L.C., as    *
successor to Coast Business Credit,    *
a division of Southern Pacific Bank,    *
   *
        Appellee,    *    Appeal from the United States
   *    District Court for the
     v.    *    District of South Dakota.
   *
Thornton Capital Advisors, Inc.,    *      [UNPUBLISHED]
   *
        Appellant.    *

_____

Submitted: October 22, 2004
Filed: November 10, 2004

_____

Before LOKEN, Chief Judge, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

The Credit Store, the debtor in the bankruptcy proceedings below, moved to reject a contract with Thornton Capital Advisors as executory under § 365 of the Bankruptcy Code. The bankruptcy court held that the contract was not executory, and Stonehill Financial, L.L.C., a creditor of The Credit Store, appealed to the district court. The district court reversed, holding that the contract was executory under § 365, and remanded for further proceedings. Thornton then appealed to this court.

In contrast to the district court's interlocutory jurisdiction for bankruptcy appeals, 28 U.S.C. § 158(a), this court's jurisdiction extends only to "appeals from all final decisions, judgments, orders, and decrees" of the district court. Id. § 158(d). A district court's remand order is not final for purposes of § 158(d) if it "'anticipates further judicial activity that is likely to affect the merits of the controversy.'" In re Woods Farmers Coop. Elevator Co., 983 F.2d 125, 127 (8th Cir. 1993) (quoting In re Vecko, Inc., 792 F.2d 744, 745 (8th Cir. 1986)). The contract at issue here is subject to further proceedings in the bankruptcy court, a fact made clear by Thornton's assertion of alternative theories upon which it urged this court to affirm the bankruptcy court's ruling.

Accordingly, we dismiss this appeal for lack of jurisdiction.

_____