# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-2387

_____

| | | |
|---|---|---|
| International Association of Fire | * | |
| Fighters, Local 2665, St. Louis, | * | |
| Franklin and Jefferson Counties; | * | |
| Clayton Police Officers Association; | * | |
| Timothy Dorn; Richard Dodge; Robert | * | |
| Luedde; Anthony Campbell, | * | |
| | * | Appeal from the United States |
| Appellants, | * | District Court for the Eastern |
| | * | District of Missouri. |
| v. | * | |
| | * | |
| City of Clayton, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: November 5, 2002

Filed: February 28, 2003

_____

Before HANSEN, Chief Judge, BEAM, and RILEY, Circuit Judges.

_____

BEAM, Circuit Judge.

The International Association of Fire Fighters, Local 2665, and the Clayton Police Officers Association, along with current and retired fire fighters and police officers (collectively, "fire fighters"), filed suit against the City of Clayton, Missouri ("City"), claiming that the City failed to levy the taxes necessary to support their

pension plan. The district court[1] granted the City's motion for dismissal for failure to state a claim upon which relief can be granted, and the fire fighters appeal. We affirm.

## I.     BACKGROUND

The City enacted Ordinance 4343 in 1984. This ordinance, approved by vote of the citizens of Clayton, provided for the annual levy of taxes to fund the fire fighters pension plan at a rate of $0.25 per $100.00 of assessed value of all taxable real and personal property in the City. However, future ordinances levied property taxes at a rate lower than that established in the original enactment. As a result, the amount of funds actually contributed to the pension plan was less than the amount contemplated by Ordinance 4343. The fire fighters brought suit under 42 U.S.C. § 1983, alleging that the City's failure to levy taxes at the rate provided for in Ordinance 4343 violated Article 1, Section 10 of the Constitution (Contracts Clause), the Fourteenth Amendment (Due Process Clause), and Article I, Section 13 of the Missouri Constitution (impairment of contract).

In their complaint, the fire fighters requested "an accounting of and a determination of the amounts which Defendants were to have levied for the Plan pursuant to Ordinance 4343; and, furthermore, request that said amounts, including accrued interest, be awarded to Plaintiffs, along with their attorneys fees." The district court, in holding that the fire fighters failed to state a claim, held that the "[p]laintiffs do not allege sufficient facts to state a claim that they, rather than the Fund, are entitled to the money which defendant should have levied." Int'l Assoc. of Fire Fighters v. City of Clayton, No. 4:01CV570, slip op. at 3 (E.D. Mo. Apr. 19, 2002). The fire fighters now argue that the district court erred in dismissing their suit.

---

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

## II.    DISCUSSION

Before addressing the substantive issues raised in the City's motion to dismiss, we need to first determine whether or not we have jurisdiction to hear this appeal. In this regard, we must address the issue of standing since it is determinative in this case.

The district court expressed its concern about the fire fighters' standing to sue, without deciding the issue. "The Court has serious doubts whether plaintiffs have standing to bring these claims on behalf of the Fund. However, the Court does not need to make that determination because plaintiffs are not bringing these claims *on behalf of the Fund*." Id. (emphasis in original). Even though the district court did not decide this issue, we find that we must do so. "The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) (alteration in original) (quoting Allen v. Wright, 468 U.S. 737, 750 (1984)); see also Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

"Standing to challenge a statute or ordinance as applied is present when the challenger has experienced a direct injury or will soon sustain a direct injury redressable by the court." Harmon v. City of Kansas City, Mo., 197 F.3d 321, 326 (8th Cir. 1999). "If a plaintiff has not suffered an injury, there is no standing and the court is without jurisdiction to consider the action." Tarsney v. O'Keefe, 225 F.3d 929, 934 (8th Cir. 2000). Arguably, the pension plan has suffered an injury as a result of the City's failure to levy property taxes at the rate of $0.25 per $100.00 of assessed value for contribution to the pension fund. "[T]he instant claim for unpaid contributions is brought for or on behalf of the *plan* because such employer contributions would inure to the benefit of the trust generally rather than an

-3-

individual beneficiary. As such, the enforcement of the obligation to make contributions is the function . . . of the Trustees." <u>Hartline v. Sheet Metal Workers' Nat'l Pension Fund</u>, 134 F. Supp. 2d 1, 21 (D.D.C. 2000) (citations omitted).[2]

The trustees of the pension plan could possibly bring an action against the City for failing to levy taxes for contribution to the plan, but the fire fighters, as beneficiaries of the plan, cannot bring suit. "As a general rule, a beneficiary may not bring an action at law on behalf of a trust against a third party. <u>See</u> Restatement (Second) of Trusts § 281(1) (1957). The right to bring such an action belongs to the trustee. <u>Id.</u> § 280. Ordinarily a beneficiary cannot even assert a claim of the trust in equity. <u>Id.</u> § 282(1)." <u>Ricke v. Armco, Inc.</u>, 92 F.3d 720, 724 (8th Cir. 1996). This means that the fire fighters can only bring this suit as a derivative action that meets the requirements of Federal Rule of Civil Procedure 23.1.[3] The fire fighters allege that they presented their concerns about the City's failure to levy the appropriate amount of taxes to Brent Hobgood, a trustee and the city manager, but Hobgood refused to take any action. However, beyond this bare allegation, the fire fighters have made no effort to plead this suit as a derivative action involving the plan or its trustees. Accordingly, we need not reach the question of whether the complaint was pled in conformity with Rule 23.1. Under the circumstances, the fire fighters have no standing to bring this action for damages because only the pension plan, if anyone, has possibly suffered actionable injury.

---

[2]There are no allegations by the fire fighters that any beneficiary has not received accrued benefits from the plan in amounts required by the terms and conditions of the plan.

[3]This rule states that the "complaint [for a derivative action] shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort." Fed. R. Civ. P. 23.1.

## III.   CONCLUSION

Because the fire fighters lack standing to bring this action, we have no authority to address the substantive issues presented.  Accordingly, we remand to the district court for dismissal for lack of jurisdiction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.