# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3603

_____

| | | |
|---|---|---|
| Guy Heide; Michael A. Kosel; Duane Taylor, | * * * | |
| Petitioners, | * * | |
| v. | * * | Petition for Review of an Order of the Federal |
| Federal Aviation Administration; | * * | Aviation Administration. |
| Respondent, | * * | [UNPUBLISHED] |
| Metropolitan Airports Commission, | * * * | |
| Intervenor on Appeal. | * | |

_____

Submitted: August 5, 2004
Filed: August 26, 2004

_____

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Guy Heide, Michael Kosel, and Duane Taylor ("Petitioners") petition for review of a June 5, 1990, order ("the 1990 order") of the Federal Aviation Administration ("FAA") approving revised runway use procedures at the Minneapolis-St. Paul International Airport ("MSP"). Petitioners also seek review of an August 27, 2003, order ("the 2003 order") of the FAA approving departure

procedures for a new runway under construction at MSP and scheduled to open in 2005. For each order, the FAA issued a finding of no significant impact ("FONSI") based on an environmental assessment ("EA") prepared under the National Environmental Policy Act, 42 U.S.C. §§ 4321 et seq. This court granted a motion by the Metropolitan Airports Commission ("MAC") to intervene in defense of the 2003 order. Because Petitioners have not shown reasonable grounds for failing to file a timely petition for review of the 1990 order and do not have standing to seek review of the 2003 order, we dismiss their petition.

Petitioners filed their petition for review on October 27, 2003. A person having a substantial interest in an FAA order may petition for review of the order pursuant to 49 U.S.C. § 46110(a). A petition for review filed under § 46110 generally is not timely unless it is filed within sixty days of the issuance of the order. See 49 U.S.C. § 46110(a). However, a court may allow a petition to be filed after the sixty-day period only when "there are reasonable grounds for not filing by the 60th day." Id.

Aware of the fact that their petition for review was filed more than thirteen years after the issuance of the 1990 order, Petitioners assert that it was impossible for them to file a petition within the sixty-day filing period. In support of this assertion, Petitioners argue that they did not become aware of the order until December of 2002 and that the FAA failed to give public notice about the order. We are not persuaded by either of Petitioners' arguments and consequently decline to exercise our discretion to allow the petition. The fact that Petitioners were not personally aware of the order until December of 2002 is irrelevant, as it is the date of the order's issuance that is pertinent under § 46110(a). Furthermore, the record reveals that the 1990 order was adopted following a lengthy process that included considerable public involvement. The record also reveals that the FAA issued a press release on June 8, 1990, announcing its decision and noting where copies of the FONSI and EA could

be accessed by the public. Thus, we find no merit in Petitioners' claim that the FAA concealed the 1990 order from the public.

Although Petitioners' request for review of the 1990 order was untimely, their request for review of the 2003 order was filed within the time period set by § 46110(a). Nonetheless, the FAA and MAC argue that we do not have jurisdiction over the petition because Petitioners lack constitutional and prudential standing. We have an independent obligation to examine our jurisdiction, mindful of the importance of standing as a jurisdictional doctrine. See Int'l Ass'n of Fire Fighters, Local 2665 v. City of Clayton, 320 F.3d 849, 850 (8th Cir. 2003).

The burden is on Petitioners to establish their standing. See Schanou v. Lancaster County Sch. Dist. No. 160, 62 F.3d 1040, 1045 (8th Cir. 1995). To establish constitutional standing, Petitioners must demonstrate that they have suffered an "injury in fact" that is fairly traceable to the action of the defendant and likely to be redressed by a favorable court decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). For purposes of standing, the injury suffered must consist of an invasion of a legally protected interest that is actual, concrete, and particularized. Id. at 560.

We conclude that Petitioners have not established their standing. Apart from a generalized statement that Petitioners live near MSP and have economic interests in other properties impacted by the FAA order, Petitioners have provided no evidence of how they are injured by the departure procedures approved by the 2003 order. Petitioners' generalized statement fails to identify with particularity any injury they have suffered and is insufficient to establish standing when seeking review of the 2003 order. See Sierra Club v. E.P.A., 292 F.3d 895, 898 (D.C. Cir. 2002) ("Bare allegations are insufficient, however, to establish a petitioner's standing to seek judicial review of administrative action."). Moreover, as FAA and MAC point out, the departure procedures involve areas south and west of MSP. Petitioners, who are

residents of Mendota Heights, Minnesota, live east of MSP in an area which the record shows will not be impacted by the departure procedures. Thus, Petitioners have not demonstrated a concrete, particularized injury due to the departure procedures. Because Petitioners have not shown an injury in fact, we need not address the causation and redressability requirements of constitutional standing or the prudential limits on standing. See Delorme v. United States, 354 F.3d 810, 816 (8th Cir. 2004).

For the foregoing reasons, we dismiss the petition. We also deny all pending motions.

_____